UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-22541-CIV-LENARD/O'SULLIVAN

IVONNE SCHMALBACH,

    Plaintiff,

v.

PREMIER SALONS, INC.,
a foreign for profit corporation
authorized to do business
in Florida d/b/a TRADE SECRET,

    Defendants.

_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND RECOMMENDING DISMISSAL WITH PREJUDICE

THIS MATTER came before the Court following a settlement conference before the undersigned and the Court having conducted a hearing concerning the settlement.

THE COURT has heard from counsel[1] and considered the terms of the settlement agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA"). In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A settlement entered into in an adversarial context where both sides

---

[1] The defendant, Pure Beauty Salons & Boutiques, Inc., was excused from the settlement conference due to its pending bankruptcy action and the Order staying the case as to it. (DE 24, 11/22/11).

are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id.  The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a legal dispute as to whether the defendant is the plaintiff's employer.  There is a factual and legal dispute as to whether the plaintiff was a manager who was exempt from overtime compensation.  The Court has reviewed the terms of the settlement agreement including the amount to be received by the plaintiff and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes.  Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' settlement agreement (including attorney's fees and costs) is hereby **APPROVED**. It is

**RECOMMENDED** that the case against **Premier Salons, Inc.** be **DISMISSED WITH PREJUDICE** and the Court retain jurisdiction until **March 23, 2012** to enforce the terms of the settlement agreement.

DONE AND ORDERED in Chambers at Miami, Florida this **8th** day of February, 2012.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Lenard
All counsel of record